898 F.2d 145
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Francis H. FOREMAN, Jr., Plaintiff-Appellant,
v.
WESTERN RESERVE LIFE ASSURANCE COMPANY OF OHIO, Defendant-Appellee.
 No. 89-3292.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 12, 1990.
Decided: Feb. 26, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-88-2940-JFM)
 Willie James Mahone, Frederick, Maryland, for appellant.
 David Alan Carter, Semmes, Bowen & Semmes, Baltimore, Maryland, for appellee.
 On Brief: J. Snowden Stanley, Jr., Elissa D. Levan, Semmes, Bowen & Semmes, Baltimore, Maryland, for appellee.
 D.Md., 716 F.Supp. 879.
 AFFIRMED.
 Before PHILLIPS, Circuit Judge, BUTZNER, Senior Circuit Judge, and JOSEPH H. YOUNG, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff Francis F. Foreman (Foreman) appeals the district court's grant of summary judgment in favor of defendant Western Reserve Life Insurance Company (Western). The district court in ruling on this diversity action held that the life insurance application of Mrs. Cheryl J. Foreman, plaintiff's decedent, contained material misrepresentation such that Maryland law justified rescission of the policy.
 
 
 2
 * During "open season," where government employees may sign up for non-government-sponsored insurance plans, Mrs. Foreman sought to obtain a life insurance policy from Western. Mrs. Foreman met twice with Western agent John Kruger, and at their second meeting, Kruger read questions from the insurance application form. Based on Mrs. Foreman's responses to these questions, Western issued a $30,000 life insurance policy naming Francis Foreman as beneficiary. On August 24, 1985, over ten months after the policy had been issued, Mrs. Foreman died from cardiopulmonary arrest. Upon conducting a routine investigation, Western discovered, and it is undisputed that, Mrs. Foreman had a long medical history including: (1) several outpatient visits to a local hospital from 1972-73; (2) a 1976 EEG; (3) a 1979 neurological examination; (4) a 1979 and 1983 outpatient hospital admission following two seizures; and (5) five doctors' visits. Based upon this newly discovered medical history, Western wrote to Foreman, tendered premiums, and rescinded the policy.
 
 
 3
 In its undisputed findings, the district court found that Mrs. Foreman's application for insurance contained the following misrepresentations:
 
 
 4
 Question 25B: Has any proposed insured had or been advised to have surgical operations, x-rays, blood studies or other tests in the last five years?
 
 
 5
 Answer: No.
 
 
 6
 Question 27: Has any proposed insured sought treatment or consulted a physician, for any reason in the last five years, including routine examinations or checkups?
 
 
 7
 Answer: Yes.
 
 
 8
 Question 28M: Has any proposed insured ever had or been told by any physician or other practitioner that he or she has within the last five years, any other physical or mental disorder, impairment, operation or injury not included in the above questions?
 
 
 9
 Answer: No.
 
 
 10
 J.A. at 32. Additionally, in the "Details" section of the insurance application were the following cryptic comments:
 
 
 11
 # 24 Saw GYN 12-82 for
 
 
 12
 # 27 Check.up.
 
 
 13
 Results OK.
 
 
 14
 Under Maryland law, misrepresentations, omissions, concealment of facts, and incorrect statements will not bar recovery under a life insurance policy, and are therefore not material, unless "the insurer in good faith would either not have issued ... the policy ... or would not have issued a policy ... at the same premium or rate ... if the true facts had been known to the insurer as required ... by the application." Md.Ins.Code Ann., Art. 48A, Sec. 374 (1986); see also Silberstein v. Massachusetts Mut. Life Ins. Co., 55 A.2d 334, ---- (Md.1947). A material misrepresentation voids the policy. See Baker v. Continental Casualty Co., 94 A.2d 454 (Md.1953).
 
 
 15
 It is undisputed in this case that, had Western been aware of Mrs. Foreman's seizures, it would not have issued Mrs. Foreman's policy, or would have rated the policy at least 200 percent. Accordingly, the district court correctly held that the misrepresentations were material ones. Nevertheless, Foreman offers his own affidavit in which he states that Mrs. Foreman had truthfully recited her medical history to Kruger, who either ignored it or affirmatively misrepresented it.
 
 
 16
 In Maryland,
 
 
 17
 [i]t is immaterial that it is the agent who inserts false statements about material matters in an application for insurance, because if the assured has the means to ascertain that the application contains false statements, he is charged with the misrepresentations just as if he had actual knowledge of them and was a participant therein.
 
 
 18
 Sardenes v. Aetna Life Ins. Co., 319 A.2d 858, 863 (Md.App.1979) (citing Globe Reserve Life Ins. Co. v. Duffy, 25 A. 227, 228 (Md.1892)) ("where false answers have been written by the agent without the knowledge of the assured, but the latter has the means at hand to discover the falsehood and negligently omits to use them ... no recovery [may be had] on the policy"); Nationwide Mutual Ins. Co. v. McBrietz, 230 A.2d 81 (Md.1967).
 
 
 19
 In the instant case, it is undisputed that Mrs. Foreman had the opportunity to read and examine the policy. Indeed, Mrs. Foreman signed the policy just below a section which stated, "[t]he undersigned represent(s) that all statements and answers ... are complete true and correctly recorded to the best of my knowledge and belief." Accordingly, even taking Foreman's affidavit concerning Kruger's alleged misrepresentations as true, as we must for the purpose of ruling on Western's summary judgment motion, there is simply not enough here to create a triable issue.
 
 II
 
 20
 Foreman finally asserts that the rule voiding a policy even where the misrepresentation is the fault of the agent has no application where the undisclosed ailment and the cause of death are unrelated. Here, the undisclosed ailment was seizure-related while the cause of death was cardiac related. Even assuming that the misrepresentations are unrelated to the cause of death, Foreman's argument is without merit. Maryland requires no nexus between the cause of death and the undisclosed ailment. See Hoffman v. John Hancock Mut. Life Ins. Co., 400 F.Supp. 827, 831-33 (D.Md.1975) (Maryland cases collected).
 
 
 21
 Accordingly, the judgment of the district court is affirmed.
 
 
 22
 AFFIRMED.